ERIC S. WAXMAN (CA Bar No. 106649)
CARL ALAN ROTH (CA Bar No. 151517)
ROBERT F. LeMOINE (CA Bar No. 222350)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
(213) 687-5000
(213) 687-5600 (fax)

Attorneys for Defendant
ICN Pharmaceuticals, Inc.

___ Priority
_✓_ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3



FILED
DEC 20 2004
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY ___ DEPUTY

DOCKETED ON CM
JAN 11 2005
BY ___ 039

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALUEPOINT PARTNERS, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ICN PHARMACEUTICALS, INC., MILAN PANIC, RICHARD A. MEIER, JOHN E. GIORDANI, NORMAN BARKER, JR., BIRCH E. BAYH, EDWARD A. BURKHARDT, ALAN F. CHARLES, RONALD R. FOGLEMAN, ROGER GUILLEMIN, M.D., Ph.D., ADAM JERNEY, JEAN-FRANCOIS KURTZ, STEVEN J. LEE, STEPHEN D. MOSES and ROSEMARY TOMICH,<br><br>Defendants. | Case No. SACV 03-989 DOC (ANx)<br><br>STIPULATION OF SETTLEMENT<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

Valuepoint Partners, Inc. ("Plaintiff") and Defendants (as defined in the Stipulation), having made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order implementing the settlement of this action in accordance with the Stipulation of Settlement dated as of December 13, 2004 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of this action (the "Settlement"), and for a

judgment dismissing this action with prejudice upon the terms and conditions set forth in the Stipulation; due notice to all parties and their counsel having been given; the Court having read and considered the Stipulation and the exhibits annexed thereto; the Court having considered the presentations of counsel for the parties to the Stipulation; and the Court being otherwise fully informed in the premises; it is hereby

ORDERED:

1. On or after ninety (90) days following the publishing of the Notice, a hearing (the "Settlement Approval Hearing") shall be held in the Courtroom of David O. Carter of the United States District Court for the Central District of California, before the Honorable David O. Carter (i) to determine whether the proposed settlement, on the terms and conditions provided in the Stipulation should be approved as fair, reasonable, and adequate and whether a judgment substantially in the form of the [Proposed] Final Judgment and Order of Dismissal (annexed to the Stipulation as Exhibit E) should be entered thereon; (ii) to determine the applications by the attorneys for Plaintiff and the Settlement Class for an award of attorneys' fees and reimbursement of expenses; and (iii) to consider the proposed Plan of Allocation. The Court may adjourn or continue the hearing on the hearing date without further notice to Settlement Class Members.

2. The Court:

(a) hereby conditionally certifies, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3), a Settlement Class defined as follows:

> ALL PERSONS AND ENTITIES WHO, ON OR BEFORE JULY 10, 2002, PURCHASED OR OTHERWISE ACQUIRED ANY OF THE $525 MILLION OF 6 ½% CONVERTIBLE SUBORDINATED NOTES DUE 2008 SOLD BY ICN IN OR TRACEABLE TO THE OFFERING, WHICH OCCURRED ON OR ABOUT NOVEMBER 9, 2001 AND SUSTAINED A LOSS THEREON (the "Settlement Class").

1  Excluded from the Settlement Class are Released Parties, members of the immediate
2  family of each of the individual defendants, any entity in which ICN has or had a
3  controlling interest on July 10, 2002, and the legal representatives, heirs, executors,
4  successors, or assigns of any such excluded party, and any directors or officers of
5  ICN during the Settlement Class Period. The representative of the Settlement Class
6  shall be Valuepoint Partners, Inc. Counsel for the Settlement Class shall consist of
7  Plaintiff's counsel of record in this action.

8        (b)    preliminarily finds that (i) the members of the Settlement Class
9  are so numerous as to make joinder impracticable; (ii) the claims of Plaintiff are
10 typical of the claims of the Settlement Class it seeks to represent; (iii) the interests of
11 the members of the Settlement Class will be, and have been, fairly and adequately
12 represented by Plaintiff and its counsel of record in this action; (iv) a class action is
13 superior to other available methods for the fair and efficient adjudication of this
14 action; (v) common questions of law and fact exist as to all members of the
15 Settlement Class; and (vi) such common questions predominate over any questions
16 solely affecting individual members of the Settlement Class.

17     3.    The Court further finds that the Settlement appears, in all respects, fair,
18 reasonable, and adequate. The Court hereby preliminarily approves the Stipulation
19 and the Settlement described therein.

20     4.    The Court approves, in form and content, the Notice of Pendency and
21 Proposed Settlement of Class Action and Notice of Motion for Attorneys' Fees and
22 Expenses (the "Notice"), the Proof of Claim and Release, and the Summary Notice
23 (the "Summary Notice"), annexed as Exhibits B, C, and D, respectively, to the
24 Stipulation, and finds that the publication and mailing of such notices in the manner
25 and form set forth in the Stipulation and as set forth herein meet the requirements of
26 Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation
27 Reform Act of 1995, due process, and the Rules of this Court and are the best notice
28

practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5.   On or before:

(a)   ten business days after entry of this Preliminary Approval Order, a copy of the Notice substantially in the form annexed as Exhibit B to the Stipulation shall be mailed by first-class mail to each Settlement Class Member to the extent shown by the records of ICN or its transfer agent at the address set forth in such records.

(b)   twenty days after entry of this Preliminary Approval Order, a copy of the Summary Notice, substantially in the form annexed as Exhibit D to the Stipulation, shall be published on two separate occasions in the national edition of The Wall Street Journal; and

(c)   the Settlement Approval Hearing provided in paragraph 1 of this Preliminary Approval Order, proof by affidavit of such mailing and publication shall be filed.

6.   Within ten (10) days after receiving the Notice and the Proof of Claim and Release, nominees who purchased or otherwise acquired the ICN Convertible Notes in or traceable to the Offering prior to July 10, 2002, shall either (i) send the Notice and the Proof of Claim and Release to all beneficial owners of such securities, or (ii) send a list of the names and addresses of such beneficial owners to the Settlement Administrator who, in turn, shall promptly mail the Notice and Proof of Claim to such beneficial owners. The Settlement Administrator shall advise such nominees that their reasonable costs in providing the Notice and Proof of Claim and Release to such beneficial owners will be reimbursed upon submission of appropriate documentation.

7.   Any Settlement Class Member may be excluded from the Settlement Class by complying, on or before ten (10) business days prior to the Settlement Approval Hearing, with the instructions and procedures set forth in Section III (2) of

1 | the Notice regarding exclusion from the Settlement Class. Any Settlement Class
2 | Member who has not requested to be excluded from the Class may, but need not,
3 | enter an appearance in this action pro se or through counsel of his own choice. Any
4 | such Settlement Class Member who does not enter an appearance shall be
5 | represented by Class Counsel designated herein.

6       8. Any Settlement Class Member who has not requested to be excluded
7 | from the Settlement Class and who wants to object to the approval of the Stipulation,
8 | the applications for awards of attorneys' fees and costs, or the proposed Plan of
9 | Allocation may do so by appearing at the Settlement Approval Hearing either in
10 | person or through an attorney, or by presenting an objection by submitting
11 | documents, briefs, or affidavits to the Court by filing the same with the Court, and
12 | serving the same upon counsel for the Settling Parties, on or before ten (10) business
13 | days prior to the Settlement Approval Hearing in the manner set forth in Section IX
14 | of the Notice. Any Settlement Class Member who does not make his, her, or its
15 | objection in the manner provided for herein shall be deemed to have waived such
16 | objection and shall forever be foreclosed from making any objection to the fairness,
17 | reasonableness, or adequacy of the proposed Settlement as incorporated in the
18 | Stipulation, and the proposed Plan of Allocation, or to the awards of attorneys' fees
19 | and expenses, unless otherwise ordered by the Court.

20       9. Settlement Class Members who want to participate in the Settlement
21 | shall complete and submit a Proof of Claim and Release in accordance with the
22 | instructions contained therein. Unless the Court orders otherwise, all Proofs of
23 | Claim and Releases must be submitted no later than seventy-five (75) days after the
24 | Settlement Approval Hearing. Any Settlement Class Member for whom a timely and
25 | valid Proof of Claim and Release has not been submitted within the time allowed
26 | shall, unless otherwise ordered by the Court, be barred from sharing in the
27 | distribution of the proceeds of the Settlement but shall nonetheless be bound by the
28 | terms of the Final Judgment. The Settlement Administrator shall, within a

5

reasonable time after the receipt thereof, give counsel for the Defendants an opportunity to inspect and copy all Proofs of Claim and Release submitted.

10. In the event the Settlement proposed in the Stipulation is terminated or does not become effective as provided for in the Stipulation, the counsel for any of the Settling Parties may terminate the Stipulation by giving counsel for all other Settling Parties written notice of the termination no later than twenty (20) days following the date of the event giving rise to the right of termination, in which case the provisions of Sections 15(d) and 16 of the Stipulation shall become effective.

11. On and after the Settlement Effective Date, all Settlement Class Members for whom timely and valid requests for exclusion from the Settlement Class have not been submitted in accordance with the provisions of Section III (2) of the Notice shall conclusively be deemed to have dismissed with prejudice all claims asserted against Defendants in the Action and released all the Released Parties of all Released Claims (as defined in the Stipulation), and shall be forever barred and enjoined from asserting, prosecuting, or continuing the prosecution of any of the Released Claims pursuant to the terms of the Stipulation, including such Released Claims that are the subject of pending actions or arbitrations.

12. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member other than those for whom valid Requests for Exclusion from the Class have been submitted, may, either directly, representatively, or in any other capacity, prosecute, institute, or commence any individual, class, or derivative action with respect to the Released Claims against any of the Released Parties.

13. The Court reserves the right to approve the Settlement with such modifications as may be agreed to by counsel to the parties to the Stipulation and without further notice to members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed

Settlement, as well as any applications for awards of fees and expenses to Plaintiff's Counsel.

14. Pending the final determination of the fairness, reasonableness and adequacy of the proposed Settlement, discovery and other pre-trial proceedings in the Action are hereby stayed until further order of the Court.

15. All capitalized terms not defined in this Preliminary Approval Order have the meanings given to them in the Stipulation.

IT IS SO ORDERED.

DATED: *December 20, 2004*  *David O. Carter*
HONORABLE DAVID O. CARTER

ATTORNEYS FOR DEFENDANTS:

DATED: December __, 2004     SKADDEN ARPS SLATE MEAGHER & FLOM, LLP

By: _____
Eric S. Waxman
Carl Alan Roth
Robert F. LeMoine

Attorneys for Defendants
ICN Pharmaceuticals, Inc.,
Richard A. Meier, and John Giordani

DATED: December __, 2004     O'DONNELL & SHAEFFER LLP

By: _____
Pierce O'Donnell
Ann Marie Mortimer
Gregory J. Mann

Attorneys for Defendant
Milan Panic

| | | |
|---|---|---|
| 1 | DATED: December ___, 2004 | GIBSON DUNN & CRUTCHER LLP |
| 2 | | By: _____ |
| 3 | | Phillip L. Bosl<br>William Thomson |
| 4 | | Attorneys for Defendants |
| 5 | | Norman Barker, Jr., Birch E. Bayh, Stephen D. Moses, Rosemary Tomich, and Roger Guillemin |
| 6 | DATED: December ___, 2004 | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| 7 | | |
| 8 | | By: _____ |
| 9 | | Robert S. Beall<br>Norma Garcia |
| 10 | | Attorneys for Defendants |
| 11 | | Edward A. Burkhardt, Ronald R. Fogleman, and Steven J. Lee |

**ATTORNEYS FOR PLAINTIFF:**

| | | |
|---|---|---|
| 13 | DATED: December ___, 2004 | CAULEY BOWMAN CARNEY & WILLIAMS, PLLC |
| 14 | | |
| 15 | | By: _____ |
| 16 | | S. Gene Cauley<br>J. Allen Carney<br>Marcus N. Bozeman |
| 17 | | Attorneys for Plaintiff<br>Valuepoint Partners, Inc. |

381953-Los Angeles Server 2A - MSW