S. Gene Cauley
J. Allen Carney
Marcus N. Bozeman
CAULEY BOWMAN CARNEY
 & WILLIAMS, PLLC
P.O. Box 25438
Little Rock, AR 72221
Tel: (501) 312-8500
Fax: (501) 312-8505

Jordan L. Lurie
Zeb B. Zeisman
WEISS & LURIE
10940 Wilshire Boulevard, 24th Floor
Los Angeles, CA 90024
Tel: (310) 208-2800
Fax: (310) 209-2348

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| VALUEPOINT PARTNERS, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ICN PHARMACEUTICALS, INC., MILAN PANIC, RICHARD A. MEIER, JOHN E. GIORDANI, NORMAN BARKER, JR., BIRCH E. BAYH, EDWARD A. BURKHARDT, ALAN F. CHARLES, RONALD R. FOGLEMAN, ROGER GUILLEMIN, M.D., Ph.D., ADAM JERNEY, JEAN-FRANCOIS KURTZ, STEVEN J. LEE, STEPHEN D. MOSES, ROSEMARY TOMICH and PRICEWATERHOUSECOOPERS LLP,<br><br>Defendants. | Case No. SACV 03-989 DOC (ANx)<br><br>CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>Date: February 28, 2005<br>Time: 8:30 a.m.<br>Courtroom: Hon. David O. Carter |

FILED
FEB 28 2005
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

___ Priority
___ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

ENTERED
FEB 28 2005
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
DEPUTY

DOCKETED ON CM
FEB 28 2005
BY _____ 039

1  This matter came before the Court for hearing pursuant to an Order of this
2  Court, dated December 20, 2004, on the application of the Settling Parties for
3  approval of the settlement set forth in the Stipulation of Settlement dated as of
4  December 13, 2004 (the "Stipulation"). Due and adequate notice having been given
5  of the settlement as required in said Order, and the Court having considered all papers
6  filed and proceedings held herein and otherwise being fully informed in the premises
7  and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND
8  DECREED that:
9      1.    This Judgment incorporates by reference the definitions in the
10 Stipulation, and all terms used herein shall have the same meanings as set forth in the
11 Stipulation.
12     2.    The Court has jurisdiction over the subject matter of the Litigation and
13 over all parties to the Litigation, including all Members of the Class.
14     3.    Except as to any individual claim of those persons (identified in Exhibit
15 1 attached hereto) who have validly and timely requested exclusion from the Class,
16 the Litigation and all claims contained therein, including all of the Released Claims,
17 are dismissed with prejudice as to the Representative Plaintiff and the other Members
18 of the Class, and as against each and all of the Released Persons. The parties are to
19 bear their own costs, except ass otherwise provided in the Stipulation.
20     4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court
21 hereby approves the settlement set forth in the Stipulation and finds that said
22 settlement is, in all respects, fair, reasonable and adequate to, and is in the best
23 interests of, the Lead Plaintiffs, the Class and each of the Class Members. This Court
24 further finds The settlement set forth in the Stipulation is the result of arm's-length
25 negotiations between experienced counsel representing the interests of the Lead
26 Plaintiffs, the Class Members and the Defendants. Accordingly, the settlement
27 embodied in the Stipulation is hereby approved in all respects and shall be
28 consummated in accordance with its terms and provisions. The Settling Parties are

1  hereby directed to perform the terms of the Stipulation.

2      5.    Upon the Effective Date, the Representative Plaintiffs and each of the Class Members shall be deemed to have, and by operation of the Judgement shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

    6.    All Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

    7.    Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully finally, and forever released, relinquished, and discharged each and all of the Class Members and Plaintiffs' Settlement Counsel from all claims (including unknown claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

    8.    The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Revised Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable in the circumstances, including individual notice to all members of the class who could be identified through reasonable effort. Said notice provided the best notice practicable in the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and other applicable law. The Court further finds and concludes that the notice adequately advised Class Members of the Plan of Allocation and their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

    9.    The Court hereby finds and concludes that the formula for the

calculation of the claims of Authorized Claimants which is set forth in the Memorandum of Points and Authorities in Support of Motion for Final Approval of Settlement and Plan of Allocation of Settlement Proceeds and in the Notice of Pendency and Proposed Settlement of Class Action sent to Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Settlement Fund established by the Stipulation among Class Members, with due consideration having been given to administrative convenience and necessity. This Court hereby finds and concludes that the Plan of Allocation set forth in the notice is, in all respects, fair, reasonable and adequate and the Court hereby approves the Plan of Allocation.

9. The Plan of Allocation submitted by Plaintiffs' Settlement Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants and/or their Related Parties may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or ant other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court

1 | hereby retains continuing jurisdiction over (a) implementation of this settlement and
2 | any award or distribution of the Settlement Fund, including earned interest earned
3 | thereon; (b) disposition of the Settlement Fund; (c) hearing and determining
4 | applications for attorneys' fees and expenses in the Litigation; and (d) all parties
5 | hereto for the purpose of construing, enforcing and administering the Stipulation.

12. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

DATED: *February 28, 2005*

_/s/ David O. Carter_
THE HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12

# EXHIBIT 1

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | There have been no valid or timely requests for exclusion. |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |